ORIGINAL

# In the United States Court of Federal Claims

No. 15-373C
(Filed: September 14, 2015)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                  *
MICHAEL WHITE,                                    *
                                                  *
              Plaintiff,                          *
                                                  *
       v.                                         *
                                                  *
THE UNITED STATES,                                *
                                                  *
              Defendant.                          *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
SEP 14 2015
U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

<u>WILLIAMS</u>, Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

    Plaintiff <u>pro se</u> Michael White is incarcerated at the Columbia Correctional Institution in Lake City, Florida. On May 8, 1991, Plaintiff was convicted of three counts of robbery with a weapon, and sentenced to 40 years in prison as a habitual offender. Compl. Attach. 7-9, 22.[1] Plaintiff alleges that the instructions given to the jury in the Florida state court on the charge of robbery with a weapon were erroneous, as he was "charged on information with the offense of armed robbery." <u>Id.</u> at 1. Plaintiff claims that this was an "unconstitutional jury instruction," and further alleges violations of his "U.S. Constitutional Right" and due process of law, "fundamental violation of the rules of court here in Florida," and illegal detention. <u>Id.</u> Plaintiff requests that this Court answer his question "as to why [he] cannot get a merit based analysis rul[]ing on any of [his] motions to the trial court." <u>Id.</u> Plaintiff filed suit in this Court on April 10, 2015.

---

[1]     Because Plaintiff did not number the pages in the attachment to his complaint, the Court will use the page numbers electronically generated by CM/ECF.

## Discussion

Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the Complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (internal citation and quotation marks omitted). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The gravamen of Plaintiff's complaint is that the instructions given to the jury in a Florida court were erroneous, in that they listed the offense charged as robbery with a weapon, instead of armed robbery. Compl. 1, Attach. 1, 7-9. Plaintiff appears to be challenging a conviction imposed by a state court. This Court does not have jurisdiction to review decisions rendered by state courts. Landers v. United States, 39 Fed. Cl. 297, 301 (1997). Additionally, this Court lacks jurisdiction to hear claims that are criminal in nature. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"). This Court also lacks jurisdiction over Plaintiff's due process claims. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiff's motion for summary judgment is dismissed as moot. The Clerk is directed to dismiss this action.

*MaryEllen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge